# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXIAN BROTHERS MEDICAL CENTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DURACO PRODUCTS, INC. AND DURACO PRODUCTS GROUP HEALTH PLAN,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>FILED: JULY 28, 2008<br>08CV4265<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE SCHENKIER<br>YM |

## COMPLAINT

NOW COMES the Plaintiff, ALEXIAN BROTHERS MEDICAL CENTER (hereinafter, "Alexian"), and for its Complaint against DURACO PRODUCTS, INC. (hereinafter, "Duraco") and DURACO PRODUCTS GROUP HEALTH PLAN (hereinafter, "Duraco Plan") alleges as follows:

### Venue and Jurisdiction

1. This Court has jurisdiction under 29 U.S.C. § 1132.

2. Venue in this district is proper because a substantial part of the events or omissions giving rise to the claims occurred in this district, and because the defendants are located in this district.

### The Parties

3. The Plaintiff, Alexian, is an Illinois not-for-profit corporation, located in and doing business in the County of Cook, and State of Illinois.

4. The Defendant, Duraco, is a corporation organized and registered in the State of Illinois, and with its principal place of business in Streamwood, Illinois.

5. The Defendant Duraco Plan was created pursuant to the authority of the Employee Retirement Income Security Act (hereinafter ERISA) 29 U.S.C. § 1001, et seq. and this Court is vested with the jurisdiction to adjudicate this controversy pursuant to 29 U.S.C. § 1132(e). This is an employer sponsored self-insured plan.

6. The substantial part of the events and/or omissions occurred in the Northern District of Illinois.

## COUNT I – CLAIMS FOR UNPAID MEDICAL BENEFITS

7. From May 31, 2007 through December 28, 2007, Plaintiff Alexian provided hospital services as more fully set forth herein, to certain designated participants or beneficiaries and certificate holders of an employee group health benefit plan provided by the Duraco Plan to employees of Duraco who were eligible for benefits under the terms of its employee benefit plan (hereinafter referred to as, "the Patients").

8. On information and belief, the Patients were provided identification numbers from Duraco, the Duraco Plan, or the benefit administrator of the Duraco Plan, relative to their health insurance coverage.

9. The Patients received hospital services from Alexian as more fully set forth herein. Patient names have been omitted to protect patient privacy:

   a. Patient RK, with identification number 0169000, received services from Alexian on July 31, 2007, patient account number G00703562942 and total charges of $747.00;

      b.      Patient NR, with identification number 0022577, received services from Alexian on October 6, 2007, patient account number G00704209253 and total charges of $468.00;

      c.      Patient SR, with identification number 0025659, received services from Alexian on August 4, 2007, patient account number G00703625103 and total charges of $468.00 and on November 10, 2007, patient account number G00704545870 and total charges of $468.00;

      d.      Patient AS, with identification number 0025637, received services from Alexian from May 30, 2007 through June 9, 2007, patient account number G00703010850 and total charges of $90,728.00, on July 5, 2007, patient account number G00703280768 and total charges of $10,990.00 and on December 28, 2007, patient account number G00704837277 and total charges of $313.00.

10.      That on or about the dates set forth in Paragraph 9, the Patients requested of Plaintiff that it provide the hospital services referenced in Paragraph 9, and to induce Plaintiff to do so, the Patients assigned in writing all of their rights and benefits under the aforementioned employee group health benefit plan established as the Duraco Plan, and that assignment authorized payment of hospital subscription benefits directly to Plaintiff, Alexian.

11.      Plaintiff, as the assignee of the Patients, is a "participant" and/or "beneficiary" entitled to bring these claims pursuant to 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1132 (a)(3) (A) & (B).

12.      Duraco provided health insurance coverage to insureds of the Duraco Plan as a benefit of their employment, pursuant to a plan subject to 29 U.S.C. § 1001 et. seq.

13. On information and belief, the Patients at all times complied with the terms and conditions of the employee group health benefit plan established by Defendant Duraco, and on information and belief the Patients were at all times relevant herein a participants or beneficiaries of the Duraco Plan.

14. On information and belief, all premium payments required by Defendants were timely made by or on behalf of the Patients through the date of the provision of the services which are the subject of this Complaint.

15. The Patients, insureds of the Duraco Plan, received hospital services from employees and other medical professionals through Alexian, the Plaintiff, from May 31, 2007 through December 28, 2007 and said services were collectively priced at $104,182.00.

16. Subsequent to providing hospital services to the Patients, Alexian caused bills for said services to be sent to Benefit Administrative Systems, LLC, the Duraco Plan's benefit administrator.

17. The Duraco Plan and Duraco have received bills for all of the aforementioned services provided to the Patients, but have failed to issue payment for any of the services.

18. The bills Defendants have failed to pay, referenced in paragraph 17, were covered by the Duraco Plan.

19. Defendants have not denied the Plaintiff's claims for reimbursement on the grounds that medical expenses incurred were not covered by the Duraco Plan.

20. Defendants have engaged in a practice of delaying payment of benefits for the purpose of benefiting defendant Duraco.

21. The Plaintiff, Alexian, has insisted that the Defendants pay their claims in full, and honor all claims made on the Duraco Plan, pursuant to the terms of the Duraco Plan.

22. Numerous demands have been made on the Defendants to pay the hospital bills of the Patients, but Defendants have failed and refused, and continue to fail and refuse to do so, in breach of their agreements with their participants or beneficiaries.

23. Defendants Duraco and Duraco Plan have wrongfully refused to pay for benefits that are due for hospital services provided to the Patients, and Plaintiff is entitled to judgment for all amounts owed to it by Defendants for services provided to the Patients pursuant to 29 U.S.C. § 1132(a)(1)(b).

24. Plaintiff is entitled to reasonable attorneys' fees and the costs of this action pursuant to the provisions of 29 U.S.C. § 1132(g)(1) from Defendants Duraco and/or the Duraco Plan.

25. Plaintiff is entitled to pre-judgment interest on the unpaid balance of these claims from the dates that payment was due in this matter through the date of the entry of judgment herein at the rate of 9% pursuant to 215 ILCS 5/357.9a.

WHEREFORE, the Plaintiff, Alexian, respectfully requests judgment in favor of Plaintiff and against Defendants:

1) For unpaid medical benefits in the amount of $104,182.00;
2) Awarding pre-judgment interest;
3) Awarding Plaintiff attorneys fees, litigation expenses and the costs of suit;
4) Granting such other and further relief as the Court deems proper.

## COUNT II

26. The Plaintiff hereby reincorporates by reference paragraphs 1 – 25 as though fully set forth herein.

27. On or about February 8, 2008 and again on March 7, 2008, the plaintiff, in writing pursuant to ERISA, 29 U.S.C. § 1001 et seq., requested from Duraco, a copy the actual insurance policy, the group policy or master plan, and a copy of any booklet, brochure, or other document given to those covered by the same policy describing their benefits under the plan.

28. The Defendants failed and refused to provide said materials within thirty days, as specified by the statute and applicable regulations, and as of the date of the filing of this action Defendants have failed and refused provide said materials.

29. That Plaintiff is entitled to $110.00 per day for each day of Defendants' non-compliance with Plaintiff's lawful request pursuant to 29 U.S.C. § 1132(c)(1)(b).

30. That as of July 28, 2008, the requested materials were 141 days delinquent, which at $110.00 per day totals a penalty of $15,510.00.

WHEREFORE, the Plaintiff, Alexian, respectfully requests judgment against the Defendants, Duraco and the Duraco Plan for $15,510.00 plus an additional amount of $110.00 for each day beyond July 28, 2008 that Defendants fail to provide Plaintiff with the requested documents, plus reasonable attorneys' fees, and the costs of this action.

/s/ David H. Moon
David H. Moon
Illinois ARDC # 6231150

POWERS & MOON, LLC
Attorneys for Plaintiff
707 Lake Cook Rd., Suite 102
Deerfield, IL  60040
(847) 412-1274
Fax: (847) 412-1570